## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**DR. MOON J. LEE,**

> **Plaintiff,**

**vs.**                                                    **Case No.  1:25cv56-MW-MAF**

**THE UNIVERSITY OF FLORIDA**
**BOARD OF TRUSTEES,**

> **Defendant.**
> **_____/**

## O R D E R

Plaintiff, proceeding pro se, filed an amended complaint, ECF No. 10, on March 21, 2025, which was deemed timely filed.  *See* ECF No. 11.  An Order was entered on April 1, 2025, which explained the requirements for serving the Defendant with process.  *Id.*

Plaintiff has now filed two motions.  ECF Nos. 13-14.  The first motion requests "permission to participate in electronic case filing (CM/ECF)."  ECF No. 13.

The Local Rules of this Court require use of the electronic filing system (pacer) by attorneys, but documents filed by pro se parties are

required to be filed "in hard copy."  N.D. Fla. Loc. R. 5.4(A).  There is a

rational basis for the differential treatment of attorneys and pro se litigants.

An attorney who is admitted to this Court's bar (and who, thus, may file

documents electronically, without prior review by the Clerk's office for

compliance with the rules) has successfully graduated from approximately

three years of law school, passed a state bar examination, passed an

exacting background investigation, and met other requirements.  An

attorney is more likely to understand, and comply, with the various

applicable rules and is less likely to cause harm by making improper filings.

Although Plaintiff affirmed that she "will comply with all applicable rules and

procedures for electronic filing," ECF No. 13 at 1, the fact is, Plaintiff's

motion does not comply with Local Rule 5.1(C) which requires all

documents be doubled spaced and have numbered pages.

   Although some pro se litigants have the ability to comply with all the

Rules of this Court, and certainly Plaintiff would assert that she will do so

going forward, this Court has announced a bright line ruling which is

applicable to all - attorneys may file electronically while pro se litigants may

not.  The alternative approach is not conducive to the most efficient judicial

process, and a case by case examination of pro se litigants would be an

Case No. 1:25cv56-MW-MAF

unwise investment of court resources.  Plaintiff is not permitted to file documents electronically in this Court, and the motion, ECF No. 13, is denied.

Plaintiff's second motion is a request for an extension of time in which to serve the Defendant and a status report concerning service of process. ECF No. 14.  Plaintiff notes that she has 90 days to serve the complaint, and that the deadline is calculated from the date of the last Order, ECF No. 11, entered on April 1st.  Plaintiff says she is "actively working to effectuate service and anticipates completing service" within that deadline, but in an abundance of caution, requests a "brief extension of time . . . should it become necessary, due to an unforeseen international trip required" for an "urgent family" matter.  ECF No. 14 at 1-2.  The problem is that pursuant to Rule 6, a request for an extension of time may be granted upon a showing of "good cause."  FLA. ADMIN. CODE R. 6(b)(1).  Plaintiff's motion does not explain her diligence prior to filing the motion and the conclusory assertion that she is "actively working" lends little support.  Further, Plaintiff first asserts that she will not need additional time, but only filed the motion as a cautionary measure.  That is not good cause.  Accordingly, the motion is also denied, but without prejudice.

Case No. 1:25cv56-MW-MAF

Plaintiff is reminded that the Defendant - the University of Florida Board of Trustees - must be served with a copy of the amended complaint and summons no later than June 30, 2025.  Service may be carried out by anyone who is at least 18 years of age and <u>not</u> <u>a</u> <u>party</u> <u>to</u> <u>this</u> <u>action</u>.  FED. R. CIV. P. 4(c).  Plaintiff still has more than 30 days to have the Defendant served in accordance with Rule 4(j).

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for permission to participate in electronic case filing, ECF No. 13, is **DENIED**.

2.  Plaintiff's motion for an extension of time for service of process, ECF No. 14, is **DENIED without prejudice.**

3.  The Clerk of Court shall return this file upon the filing of an answer or similar response from the Defendant, the filing of either an executed or unexecuted summons, or no later than June 30, 2025.

**DONE AND ORDERED** on May 27, 2025.

s/   **Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**