# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**DR. MOON J. LEE,**

     **Plaintiff,**

**vs.**                            **Case No.  1:25cv56-MW-MAF**

**THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed an amended complaint, ECF No. 10, on March 21, 2025.  Defendant responded by filing a motion to dismiss Plaintiff's amended complaint.  ECF No. 16.  The motion raised just one argument - that Plaintiff's case is barred by res judicata.  *Id.*

Plaintiff was advised of her obligation to file a memorandum in opposition.  ECF No. 17 (citing N.D. Fla. Loc. R. 7.1(E)).  Plaintiff's response, ECF No. 20, was timely filed.  Plaintiff contends Defendant's argument is "both factually and legally unfounded."  *Id.* at 1.  The motion to dismiss is ready for a ruling.

**Allegations of Plaintiff's Amended Complaint, ECF No. 10**

Plaintiff was a tenured associate professor at the University of Florida [UF] between August 2009 and July 2021. ECF No. 20 at 3. In January 27, 2022, Plaintiff filed a complaint with the EEOC (Equal Employment Opportunity Commission) alleging discrimination and retaliation. *Id.* The EEOC issued Plaintiff a notice of right to sue in September 2022. *Id.*

Plaintiff alleged that Defendant continued to retaliate against her. In December 2022, Defendant sabotaged her promotion to full professor and misrepresented her qualifications and achievements. *Id.* at 4. Allegedly, Defendant also altered Plaintiff's teaching assignments, misrepresented her grant funding, and subjected her to adverse treatment. *Id.* at 5-7. Plaintiff was denied a promotion on July 10, 2023, "despite her superior qualifications." *Id.* at 7. Plaintiff filed a second EEOC complaint for retaliation on December 6, 2023, and received a right to sue letter on November 20, 2024. *Id.* Plaintiff asserted a claim for retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a), seeking back pay, lost benefits, and an award of both compensatory and punitive damages. *Id.* at 8, 12.

**Motion to Dismiss, ECF No. 16**

Defendant acknowledges that Plaintiff's claim stems from alleged retaliation suffered after filing her EEOC charge of discrimination on January 27, 2022.  ECF No. 16.  However, Defendant contends that this case "is Plaintiff's second attempt at suing UF under Title VII and asserting claims premised on UF's denial of her promotion attempts."  *Id.* at 2.  Defendant points out that Plaintiff previously filed an employment discrimination case against UF in this Court in case number 1:22-cv-340-MW-ZCB ["Lee I"].[1]  *Id.* at 2; *see* Ex. 1 [ECF No. 16-1].  On January 17, 2025, summary judgment was granted in UF's favor and against Plaintiff in Lee I.[2]  Because Plaintiff's 2023 promotion was denied during the pendency of the prior lawsuit, Defendant contends that the claim

_____

[1] Defendant filed six exhibits with the motion to dismiss, ECF No. 16.  Five of those exhibits are identified as the complaint, order granting summary judgment, the judgment, motion for summary judgment, and Plaintiff's response to the motion for summary judgment.  ECF Nos. 16-1, 16-2, 16-3, 16-5, and 16-5.  However, Exhibit 4 is identified as a declaration and consists of 600 pages.  ECF No. 16-4.  Because the Court is permitted to take judicial notice of court records, the records from case number 1:22cv340 have been reviewed.  None of Defendant's exhibits were reviewed.

[2] Plaintiff's amended complaint alleged that UF discriminated against her because of her national origin (Korea) and gender, and also retaliated against her in violation of Title VII and the Florida Civil Rights Act (FCRA).  ECF No. 11.  The events transpired between June 2015 and November 2021.  *Id.* at 4-15. Plaintiff received an EEOC right to sue letter in September 2022 prior to filing Lee I.  *Id.* at 15.

in this case "arises out of the same common nucleus of facts at issue in the prior lawsuit." *Id.* at 2-3. Defendant argues that Plaintiff's claim "could and should" have been raised in the prior lawsuit, but was not, and is therefore barred by res judicata. *Id.* at 2-3.

Even so, Defendant acknowledges that Plaintiff did not seek leave to amend her complaint to address the 2023 promotion denial in Lee I. *Id.* at 3. Furthermore, Plaintiff's response to the motion to dismiss is clear - "Plaintiff explicitly excluded the 2023 promotion denial from her prior case . . . ." ECF No. 20 at 2. Indeed, Plaintiff's response to the motion for summary judgment in Lee I stated that "Plaintiff never filed an amended charge of discrimination to address the denial of her third promotion attempt in 2023." ECF No. 56 at 1. Thus, Plaintiff maintained that "any discrimination claim based on the denial [in 2023 was] not properly before the Court." ECF No. 56 at 1 of case # 1:22cv340-MW-ZCB.

**Analysis**

"Res judicata bars relitigation of all matters decided in a prior proceeding." <u>Israel Disc. Bank Ltd. v. Entin</u>, 951 F.2d 311, 314 (11th Cir. 1992). Res judicata goes a step further, however, and bars not only the issues that were actually litigated, but also those issues that should have

been included, "but were not." Delta Air Lines, Inc. v. McCoy Restaurants, Inc., 708 F.2d 582, 586 (11th Cir. 1983) (quoted in Debose v. United States, No. 22-13380, 2024 WL 489699, at *2 (11th Cir. Feb. 8, 2024), *cert. denied*, 145 S. Ct. 1925 (2025). The res judicata bar applies when "four factors are shown: (1) the prior decision was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits, (3) both cases involve the same parties or their privies, and (4) both cases involve the same causes of action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (quoted in Debose, 2024 WL 489699, at *2).

Plaintiff's prior case ended with judgment for the Defendant, judgment having been entered by this Court, a "court of competent jurisdiction." That resolves the first three elements. The only question is whether the fourth element is met.

"In general, cases involve the same cause of action for purposes of res judicata if the present case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." Israel Disc. Bank, 951 F.2d at 315 (quotation omitted). "The test for a common nucleus of operative fact is whether the same facts are involved in both cases, so that the present claim could have been effectively litigated

with the prior one." <u>Lobo v. Celebrity Cruises, Inc.</u>, 704 F.3d 882, 893

(11th Cir. 2013) (quoted in <u>Debose</u>, 2024 WL 489699, at *2.

Notably, Defendant has pointed to <u>Debose</u> in support of its argument

that res judicata is applicable.  ECF No. 16 at 5-6.  In <u>Debose</u>, the plaintiff

had filed previous complaints against "the USF Board of Trustees and its

members, Greenberg Traurig, and McCrea."  2024 WL 489699, at *2.  The

Eleventh Circuit found that "[a]ll of Debose's cases arose out of the same

nucleus of operative facts as the current case because all of Debose's

claims concern or stem from her employment and firing from USF."   2024

WL 489699, at *2.  Thus, the court concluded that "res judicata barred all of

Debose's claims against the USF Board of Trustees and its members,

Greenberg Traurig, and McCrea."  *Id.*

Judicial notice is taken that Plaintiff's first case, case number

1:22cv340, was filed on December 14, 2022.  The case ended on January

17, 2025, when this Court granted Defendant's motion for summary

judgment.  ECF No. 67 of that case.  This case was initiated on February

19, 2025.  ECF No. 1.  Three important things occurred while that case was

pending.  First, Plaintiff was denied a promotion on July 10, 2023.  ECF No.

10 at 7.  Second, Plaintiff filed charges with the EEOC on December 6,

2023.  *Id.* at 2.  Third, Plaintiff received her right to sue letter on November 20, 2024.  *Id.*

Recognizing that an employment discrimination claim cannot be brought until administrative remedies are exhausted, Defendant argues that Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000), rejects the argument that Plaintiff "could not have addressed her 2023 promotion denial in the Prior Lawsuit because she had not exhausted her administrative remedies . . . . ."  ECF No. 16 at 6.  That case, however, is not helpful to Defendant's position.

Jang's first lawsuit sought to bring an ADA claim, a Florida Civil Rights Act claim, and a breach of contract claim.  Jang, 206 F.3d at 1148. The district court rejected the ADA claim because Jang did not have a "right to sue" letter, dismissed the state law claim "as time-barred, and deemed the breach of contract claim insufficient as a matter of law."  *Id.* at 1148.  Jang subsequently obtained a "right to sue" letter and filed a second suit in federal court.  *Id.*  "That suit included an almost verbatim copy of the ADA and the Florida Civil Rights Act claims from the" first case.  The court dismissed the second case "based on res judicata in light of the entry of summary judgment in Jang I."  *Id.* at 1148-49.  The Eleventh Circuit

affirmed and held "that res judicata barred [Jang] from splitting his causes of action and bringing his ADA claim after his first suit proceeded to a judgment on the merits." *Id.* at 1149.

The difference between this case and Jang is that Plaintiff is not attempting to bring the same, verbatim claim. Instead, this case is based on events which took place *after* the events at issue in Lee I. Moreover, by the time Plaintiff received her right to sue letter on November 20, 2024, the Defendant's motion for summary judgment had been pending since August 8, 2024, and Plaintiff's response to that motion was filed on September 10, 2024. ECF Nos. 52 and 56 of case number 1:22cv340. It is highly unlikely that Plaintiff would have been granted leave to supplement her complaint at the eleventh hour as the case was scheduled for a jury trial on November 4, 2024. *See* ECF Nos. 38, 46, 49, and 58 of that case.

Notwithstanding, Defendant has argued here that "Plaintiff had an obligation to exhaust her administrative remedies concerning the 2023 promotion denial during the pendency of the Prior Lawsuit and amend that lawsuit to seek relief for any claim based on that discrete act." ECF No. 16 at 6 (citing to cases outside the Eleventh Circuit). That argument is contrary to the Eleventh Circuit's decision in Manning v. City of Auburn,

953 F.2d 1355, 1360 (11th Cir. 1992). There, the court concluded that "the filing of supplemental pleadings is optional for the plaintiff; the existence of the doctrine of res judicata does not make the filing of supplements mandatory." <u>Manning</u>, 953 F.2d at 1360. This Court agrees. Plaintiff was not required to seek leave to file a supplemental complaint in Lee I.

The Eleventh Circuit said, "we do not believe that the res judicata preclusion of claims that 'could have been brought' in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation." 953 F.2d at 1360. "Instead, we believe that, for res judicata purposes, claims that "could have been brought" are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action." <u>Manning</u>, 953 F.2d at 1360. Plaintiff's claims here were not in existence at the time her first case was filed. The claims had not been exhausted at the time the summary judgment motion was filed. While acknowledging that the claims in the instant case are related to the claims raised in the prior case, and also recognizing that the facts of this case are an extension of the facts alleged in the prior case, the Court rejects the argument that res judicata bars this action.

Case No. 1:25cv56-MW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 16, be **DENIED**, that Defendant be required to file an answer within fourteen days of entry of an Order adopting this Report and Recommendation, and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 22, 2025.


 S/     Martin A. Fitzpatrick_____
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 1:25cv56-MW-MAF